IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20295
Summary Calendar
_____

LAWRENCE STEPHEN MAXWELL,

                                                    Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA; THE
DEPARTMENT OF THE TREASURY OF THE
COMMONWEALTH OF PUERTO RICO; INTERNAL
REVENUE SERVICE OF THE COMMONWEALTH
OF PUERTO RICO,

                                                    Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-96-MC-685
- - - - - - - - - -
October 14, 1997

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:*

    Lawrence Stephen Maxwell appeals from the district court's
dismissal of his petition to quash three administrative summonses
directed to other parties and issued by the Internal Revenue
Service (IRS) for lack of jurisdiction.  Maxwell argues that the
summonses had been issued in connection with an investigation
into his tax liability, that the summonses had been issued

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

outside the territorial jurisdiction of the United States, that neither Maxwell nor the summoned third parties were subject to the administrative authority of the United States Federal Corporation, that IRS Special Agent Duncan did not have the authority to issue the summonses, and that the administrative summons (Form 2039) had not been published in the Federal Register.  We have reviewed the record and find no reversible error.  Because Maxwell has not shown that he had any proprietary interest in the subjects of the summonses, he lacked standing to petition to quash the summonses.  See United States v. Bass, 784 F.2d 1282, 1286-87 & n.7 (5th Cir. 1986).  Accordingly, the judgement of the district court dismissing Maxwell's petition for lack of jurisdiction is AFFIRMED.